UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

March 4, 2013

MEMO TO COUNSEL RE: Norman E. Pennington v. Darcars of Indianola Drive, Inc.
Civil No. JFM-12-1783

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendant's motion for summary judgment (document 9). The motion is denied.

I am satisfied that there is a genuine issue of material fact. Unquestionably, plaintiff is a member of the class protected by the Age Discrimination in Employment Act. Likewise, unquestionably he was discharged on February 1, 2009. I also hold that a jury could find that he was replaced by someone who is not within the class protected by the ADEA. Although defendant asserts that Joey Beach (who was under the age of 40) did not replace plaintiff because "Mr. Beach was a prior employee of . . . [defendant], who was rehired at the time of Mr. Pennington's termination," the fact does not necessarily mean that Mr. Beach did not replace plaintiff.

As to the question of whether plaintiff was meeting the legitimate expectations of defendant in work performance (and the related question of whether plaintiff can prove that defendant's asserted reason for plaintiff's discharge – his alleged inadequate performance – was pretextual), I hold that a jury could find that plaintiff was meeting defendant's legitimate expectations at the time of his discharge (and that the asserted reason for his discharge was pretextual). I note the absence of any deposition testimony of Jeff Lee, plaintiff's direct supervisor who recommended plaintiff's discharge. Particularly absent such testimony, the documentary evidence - reviewed by Scott Jenkins after plaintiff's discharge - simply is not conclusive.

Several other observations are in order. First, I agree with defendant that plaintiff's subjective perception of how old Virginia Turnbow was is irrelevant. Second, I am cognizant of the fact that Mr. Jenkins was both the person who hired plaintiff and the person who made the decision to discharge plaintiff. Although this gives rise to an inference "that discrimination was not a determining factor for the adverse action by the employer," *Proud v. Stone*, 945 F.2d 796, 797-98 (4th Cir. 1991), that inference does not alone entitle defendant to the summary judgment it seeks. Moreover, in this case the inference may not be as strong as it is in other cases in light of the fact that Mr. Jenkins relied on the evaluation of Mr. Lee in making the decision to

discharge plaintiff.

      Third, the comment made by Mr. Jenkins to plaintiff in a conversation immediately after plaintiff's discharge that "this is a young man's game" may well be found by a jury to constitute direct evidence of age discrimination.  It may be the case (although a jury could find to the contrary), that Mr. Jenkins (who commendably admits to having made the statement) made the statement to ease a difficult situation and that it was not mean-spirited or reflective of Mr. Jenkins' own state of mind.  However, if, in fact as a matter of industry practice, the services performed by a Service Advisor are "a young man's game," as a matter of public policy, as decreed by Congress in the ADEA, that practice must change.

      A conference call will be held on    March 15, 2013    at   9:15    a.m. to discuss the appropriate schedule in this case.   I ask counsel for plaintiff to initiate the call.

      Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

      Very truly yours,

      /s/

      J. Frederick Motz
      United States District Judge